IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DENIS PUTNAM** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Case No. RWT-09-cv-1229 |
| | * | |
| **UNITED STATES OF AMERICA**, et al., | * | |
| | * | |
| Respondents | * | |
| | * | |

**MEMORANDUM OPINION**

On April 23, 2009, Agent Michael Donaldson ("Agent Donaldson") of the Internal Revenue Service ("IRS") issued summonses to Branch Banking & Trust Company ("BB&T"), Provident Bank, Sandy Springs Bank, and Sun Trust Bank as part of his investigation into the tax liabilities of Petitioner Denis Putnam. That same day, Agent Donaldson gave notice of the summonses to Putnam. Petitioner requests the Court to Quash the Third-Party Summonses. Pending before the Court is the United States' Motion to Dismiss or Summarily Deny Petition to Quash Third-Party Summonses and for Enforcement of Summonses.

**I.**

The IRS has broad authority to gather information in the course of conducting tax investigations. *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). The IRS may begin investigating a taxpayer on the mere suspicion that he is violating the revenue laws. *United States v. Powell*, 379 U.S. 48, 53-56 (1964). Under 26 U.S.C. § 7602 (2006), the IRS may issue administrative summonses to any person or for any document that may be relevant to a tax investigation. The authority to issue administrative summonses includes the authority to issue summonses to third-party record-keepers, such as banks and financial institutions. 26 U.S.C. §§ 7602, 7603(b), 7609 (2006); *Spell v. United States*, 907 F.2d 36, 38 (4th Cir. 1990).

The taxpayer may file a petition to quash the summons.[1]  26 U.S.C. § 7609(b)(2).  In the ensuing proceeding, the IRS may seek enforcement of the summons.  *Id.* § 7609(b)(2)(A).  The summons enforcement proceeding is summary in nature.  *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987).  The United States bears the initial burden of establishing a prima facie case for enforcement.  *Id.*  It must demonstrate that: (1) the summons was issued for a proper purpose; (2) the records may be relevant to the purpose of the investigation; (3) the IRS does not already possess the records; and (4) the issuing agent followed all administrative steps.  *Powell*, 379 U.S. at 57–58.  This burden is light, and the United States can satisfy it by producing an affidavit or declaration of the agent issuing the summons.  *Alphin*, 809 F.2d at 238.  Once the United States has satisfied its burden, the taxpayer must demonstrate that enforcement of the summons would be an abuse of the court's process.  *Id.*

## II.

Here, the United States has satisfied its burden by producing a declaration from Agent Donaldson that meets the requirements of the *Powell* analysis.  Under the first prong, the United States must demonstrate that the agent issued the summonses for a proper purpose.  *Powell*, 379 U.S. at 57–58.  Proper purposes include verifying the correctness of the taxpayer's tax return, determining the taxpayer's liabilities, preparing tax returns if the taxpayer did not file them where he is required to by law, and locating assets to satisfy an unpaid tax liability.  *Spell*, 907 F.2d at 37–38.  Agent Donaldson's affidavit states that the purpose of the investigation is "to determine [Petitioner's] correct tax liabilities and to ascertain whether [Petitioner] has committed any offense connected with the administration or enforcement of the internal revenue laws." (Donaldson Decl. ¶ 3.)  The Court finds that this purpose is proper.

Under the second prong of the *Powell* analysis, the United States must demonstrate that the summoned records may be relevant to the investigation.  *Powell*, 379 U.S. at 57–58.  The phrase

---

[1] Congress has waived sovereign immunity and consented to petitions to quash summonses, but the only proper respondent in such actions is the United States.  *Provenza v. Rinaudo*, 586 F. Supp. 113, 117 (D. Md. 1984).  Therefore, the Court dismisses the petition as against the IRS and Agent Donaldson and addresses the petition as against the United States only.

"may be" reflects Congress's express intention to allow the IRS to collect potentially relevant records without regard to their admissibility. *Arthur Young*, 465 U.S. at 814. Here, the requested records include bank statements, deposited items, cancelled checks, copies of cash transaction reports, and loan applications for the years 2004 through 2007. (Resp't's Mot. Exs. 1–4.) These records may show the sources and amount of income that Petitioner received during those years and may also show Petitioner's knowledge of financial activity that could establish civil or criminal liability. Accordingly, the summoned records are relevant to Agent Donaldson's investigation.

The United States has also satisfied the third prong of the *Powell* analysis, because Agent Donaldson's declaration establishes that IRS does not have the requested records. (Donaldson Decl. ¶ 16.) The affidavit of the issuing agent is sufficient to establish that the IRS does not possess the requested documents. *Conner v. United States*, 434 F.3d 676, 681 (4th Cir. 2006).

Finally, Agent Donaldson's declaration also establishes that he followed all of the required administrative steps. *Powell*, 379 U.S. at 57–58. The declaration demonstrates that Agent Donaldson is authorized to issue summonses, that he served an attested copy on each bank, and that he gave notice of the summonses to Petitioner, pursuant to 26 U.S.C. §§ 7602, 7603, and 7609. (Donaldson Decl. ¶¶ 9–15.)

Thus, the Court finds that the United States has established a prima facie case for enforcement of the summonses.

## III.

Petitioner maintains that the Court should quash the summonses, because "[n]one of the four summonses were [sic] verified by a written declaration as per the requirements of Title 26 U.S.C. § 6065." (Pet. To Quash ¶ 10.) Petitioner misconstrues the purpose of this statute. Section 6065 permits a taxpayer to submit a verified tax return, as opposed to a notarized return, and does not apply to the IRS and its agents. *Thompson v. Internal Revenue Serv.*, 23 F. Supp. 2d 923, 925 (N.D. Ind. 1998); *Morelli v. Alexander*, 920 F. Supp 556, 558 (S.D.N.Y. 1996). The issuing agent does not need to verify the summonses, and therefore, Petitioner is not entitled to have this Court quash the summonses on these grounds.

Petitioner also contends that "none of the four summonses comply [sic] with § 7603(a), in that they were not attested." (Pet. To Quash ¶ 11.) Petitioner's contention is ambiguous. If Petitioner is claiming that the summonses issued to BB&T, Provident Bank, Sandy Springs Bank, and Sun Trust Bank were not attested, then he is plainly wrong as each of those summonses was attested. (Resp't's Mot. Exs. 1–4.) If Petitioner is claiming that he is entitled to a receive attested copies of the summonses, then he is also plainly wrong. The taxpayer copy of the summons does not need to be attested. *Darland v. United States*, 921 F. Supp. 316, 317 (D. Md. 1996).

Finally, Petitioner claims that the "summonses . . . fails [sic] to meet the requirements of 12 U.S.C. Ch. 35, § 3401 et seq." (Pet. To Quash ¶ 12.) Chapter 35 of Title 12 of the United States Code is the Right to Privacy Act. The statute clearly states, however, that, "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26." 12 U.S.C. § 3413. Therefore, the Right to Privacy Act does not entitle Petitioner to have this Court quash the summonses.

Accordingly, Petitioner has failed to demonstrate that enforcement of the summonses would be an abuse of the Court's process.

**IV.**

For the foregoing reasons, the Court will, by separate order, grant the United States' Motion to Summarily Deny the Petition to Quash Third-Party Summonses and for Enforcement of the Summonses. The Court will also dismiss the Petition to Quash Third-Party Summonses as against the IRS and Agent Donaldson, because they are improper parties to this action.[2]

August 4, 2009
　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] Although the United States also seeks dismissal of the petition on the grounds of insufficient service of process, it has not provided the Court with evidence of the alleged deficiencies. The Court will assume without deciding that service was proper, as the United States ultimately prevails on the merits.

-4-